```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-22221-Civ-HUCK
                                            (92-8003-Cr-ZLOCH)
                                    MAGISTRATE JUDGE P.A. WHITE
FRANCOIS DORVILUS,              :

        Movant,                 :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

        Respondent.             :
_____
```

## I   INTRODUCTION

In this case, on 6/29/2010, Francois Dorvilus, a federal prisoner currently confined at the FCI-Miami, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, attacking his judgment and sentence entered on May 26, 1992, after a trial by in Case No. 92-8003-Cr-Zloch.

Dorvilus previously filed a Motion to Vacate pursuant to 28 U.S.C. §2255 (DE#1, in Case 98-8178-Civ-ZLOCH/Sorrentino), attacking his convictions and sentences in Case 92-8003-Cr-ZLOCH. After entry of a Report of Magistrate Judge on May 12, 1999 recommending denial of the §2255 motion (Report, DE#8 in 98cv8178), an Order denying Certificate of Appealability, and a Final Order of Dismissal, adopting the Report of Magistrate Judge, were entered by the Honorable William J. Zloch, United States District Judge, on May 28, 1999 (Orders, DE#s 9 and 10, in 98cv8178).

As reflected in the record of the underlying criminal case (92-8003-Cr-Zloch), and discussed in 5/12/99 Report of Magistrate Judge, Dorvilus was charged by Indictment with conspiracy to distribute a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846 (Count 1); possession with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count 2); and with carrying a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §924(c) (Count 3). (Cr:DE13).  He went to trial and was found guilty as charged. (Cr:DE72). On 8/7/1992 he was sentenced to

concurrent 264 months terms of incarceration on Counts 1 and 2, and 60 months incarceration on Count 3, to run consecutively to Counts 1 and 2, followed by a 5-year term of supervised release as to Counts 1 and 2, and three years supervised release as to Count 3, to run concurrently with Counts 1 and 2, and a $150.00 special assessment. (Cr:DE89). The underlying facts of Dorvilus' case, as summarized by the PSI, were recounted in the Report (DE#8 in 98cv8178) in Dorvilus' §2255 proceeding, as follows:

> In January 1991, agents from the Drug Enforcement Administration received information from confidential informant, Robert D. Neher, concerning a crack cocaine distribution organization headed by co-defendant Remy. Co-defendant Remy commenced negotiations with Neher for the purchase of one kilogram of cocaine base. On January 6, 1992, Remy indicated to Neher that his Haitian source, Francois Dorvilus, (who is, in fact, a United States citizen), would deliver the cocaine base the following day to his residence in Lake Park, Florida.
>
> On January 7, 1992, Dorvilus drove up to Remy's residence in Lake Park, Florida. Dorvilus retrieved a white plastic bag containing cocaine base from the trunk of the vehicle and went into the residence. He later exited the house without the white plastic bag.
>
> A short time later, Neher entered the residence and advised Remy that he was going to retrieve the money for the transaction from his car. As Neher exited the residence, he signaled law enforcement officers that he had seen the cocaine base inside the residence. After law enforcement officers entered the residence and secured the defendants, a total of 1.032 kilograms of cocaine base was found on a waterbed and in a white plastic bag in the attic and seized.
>
> Dorvilus was found in a bedroom closet in the residence. He admitted that a pager found in the closet, displaying codefendant Remy's cellular telephone number, belonged to him. A search of Dorvilus' vehicle revealed a loaded Smith and Wesson .357 magnum pistol inside a console between the driver and passenger seats.

(Report, DE#8, 98cv8178).

**Procedural Background**

Dorvilus prosecuted a direct appeal [USCA #92-4768], raising three claims, one of which was that the Government failed to prove that [in relation to the firearm offense, in Count 3] he "violated 18 U.S.C. §924(c)."[1]   On 6/10/1997 the United States Court of Appeals for the Eleventh Circuit affirmed Dorvilus' conviction in a written but unpublished opinion, and issued its mandate on 8/12/1997.  Remy, et al. v. United States of America, 117 F.3d 1430 (11 Cir.), cert. denied, 118 S.Ct. 325 (1997) (Cr:DE116).

In his aforementioned Motion to Vacate pursuant to 28 U.S.C.

---

[1]  In his direct appeal, Dorvilus raised the following claims:

1. The trial court erred in denying the appellant's motion for judgment of acquittal on all counts of the indictment because:

   a) the evidence at trial did not establish the requisite elements of a conspiracy under 21 U.S.C. §841(a) and 846 or any agreement between Dorvilus and a co-conspirator to commit a crime;

   b) the government never established that Dorvilus was in actual or constructive possession of the cocaine found in Remy's house; and,

   c) the government did not establish that Dorvilus violated 18 U.S.C. §924(c).  (Appellant Brief, pp. 20-33).

2. The government substantially prejudiced the defendant, when it failed to:

   a) properly disclose the complete DEA chemist report, and

   b) timely disclose the telephone toll records.  (Appellant Brief, pp. 34-37).

3. The appellant should not have been sentenced to 264 months imprisonment and a consecutive 60 months imprisonment where the defendant did not obstruct justice by testifying, where that the defendant carried a firearm during and in relation to the drug trafficking offense charged, and where the sentencing guidelines are unconstitutional where greater penalties are imposed for violations of law involving "crack" cocaine as opposed to powder cocaine. (Appellant Brief, pp. 38-54).

3

§2255 (DE#1, 98cv8178) Dorvilus raised 4 grounds for relief,[2] including a claim that his conviction on Count 3 [did knowingly carry firearm in relation to drug trafficking crime] had been rendered invalid by the United States Supreme Court's decision in <u>Bailey v. United States</u>, 516 U.S. 137, 116 S.Ct. 501 (1995). After entry of a Report of Magistrate Judge recommending denial of the §2255 motion (Report, DE#8 in 98cv8178), an Order denying Certificate of Appealability, and a Final Order of Dismissal, adopting the Report of Magistrate Judge, were entered by the Honorable William J. Zloch, United States District Judge, on May 28, 1999 (Orders, DE#s 9 and 10, in 98cv8178).

In his underlying criminal case 92-8003-Cr-Zloch, Dorvilus on 2/28/2008 filed a Motion to Modify Sentence pursuant to 18 U.S.C.

---

[2] As noted in the Report of Magistrate Judge in the §2255 proceeding [DE#8, 98cv8178] the claims raised by Dorvilus in his §2255 motion were essentially, as follows:

1. Ineffective assistance of counsel at trial and sentencing, who failed to:

   a) seek a plea agreement,

   b) file a timely notice of appeal,

   c) raise the Equal Protection Clause and the rule of lenity in relation to the sentence enhancement provisions for cocaine base contained in 21 U.S.C. §841(b) and <u>U.S.S.G.</u> §2D1.1, and

   d) argue that the amount of cocaine base attributable to him was incorrect.
   (Cv:DE1, p.4; Memo, pp. 4-10, 17; DE6, pp.2-3).

   2. Ineffective assistance of counsel on direct appeal, who failed to file an appellate brief.
   (Cv:DE1, p.4; Memo, pp. 9-11, 17).

   3. His conviction for using and carrying a firearm was rendered invalid by the decision in <u>Bailey v. United States</u>, 116 S.Ct. 501 (1995).
   (Cv:DE1, p.4; Memo, pp. 13-17; DE6, p.4).

   4. Ineffective assistance of counsel at sentencing, who failed to argue against the enhancement for obstruction of justice.
   (Cv:DE#1, p.5; Memo, pp. 11-13, 17; DE6, p.3).

4

§3582(c)(2), citing Amendments 702, 706 and 711 of the United States Sentencing Guidelines (Cr:DE125), which was denied on 3/26/2008 (Cr:DE126). Dorvilus then filed a 4/25/2008 Motion for Clarification (Cr:DE130) which was denied (Cr:DE131). [At footnote 1 of its Response DE#15, in this case, the government states that the thrust of Dorvilus' §3582(c)(2) motion was a request for relief under Amendment 706, which lowered base offense levels for crack cocaine offenses].

Thereafter, on 5/12/2010, Dorvilus filed a second Motion to Modify Sentence pursuant to 18 U.S.C. §3582(c)(2), in which he sought a 2-level reduction under Guidelines with regard to his cocaine base-related conviction. (Cr:DE156). That §3582(c)(2) motion in the criminal case (Cr:DE156) was pending at the time of Dorvilus' initial filing (DE#1) in this §2241 action, and it remained pending when the Government's Response to Order to Show Cause was filed in this case on 9/15/2010 (DE#10, 10cv22221).

## II    DISCUSSION

In Ground 1 of the instant §2241 petition, Dorvilus raised the same claim, seeking the same relief as was sought in his May 2010 Motion for Modification of Sentence in the criminal case.

The CM/ECF Docket in this case reflects that this case was administratively closed pursuant to the 7/8/2010 Order of the Honorable Paul C. Huck, United States District Judge, with instructions to the Clerk of Court "to mark this case CLOSED for administrative purposes and file the petition under criminal Case no.: 92-CR-08003-WJZ" (DE#4, 10cv22221). No additional entry was made on the criminal docket at the time. Thereafter, in this §2241 action, on 7/18/2010, the Petitioner Dorvilus filed a document captioned as a Motion "to Vacate" the Court's "Order Administratively Closing Case" (DE#4, 10cv22221), and the Judge Huck entered an order of referring the case to the undersigned (DE#6, 10cv22221). An Order to Show Cause was entered (Cv:DE8); the Government filed its Response (Cv:DE15) with Exhibits (at DE#s 15, and 15-1 to 15-5); and Dorvilus filed a Reply which he signed and

5

mailed on 9/18/2010 (Cv:DE16).

Then, in the Criminal Case, the Honorable William J. Zloch entered an Order dated and docketed 9/20/2010, granting relief on Dorvilus' pending Motion for Modification of Sentence (Cr:DE157), and on 9/20/2010 entered an "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2). Dorvilus' Previous Offense Level of 38, which with a Criminal History Category I rendered a previous guideline range of 235 to 293 months, was amended. His Amended Offense Level became 36, which a Criminal History Category I rendered an amended guideline range of 188 to 235 months; and the Court imposed a new sentence within the amended guideline range, reducing Dorvilus' sentence from 264 to 235 months on Counts 1 and 2, with his original sentencing of 60 months imprisonment as to count 3 remaining in effect, and running consecutive to the amended 235 month term of imprisonment imposed as to counts 1 and 2.

The Court's 9/20/2010 Modification of sentence thereby rendered Moot the first ground for relief raised by Dorvilus in this §2241 action; and he filed a Notice (DE#17) dropping the claim. It did not, however, affect Ground 2, attacking his conviction on Count 3 for carrying a firearm during and in relation to a drug trafficking offense.

On direct appeal, the Eleventh Circuit, when addressing Dorvilus' claim that the government failed to prove that he committed offense (i.e., the issue whether the evidence was sufficient to sustain his convictions), found, in pertinent part, as follows:

> Suffice it to say that upon our review of the record, we conclude that there was sufficient evidence to sustain Dorvilus' convictions of conspiracy to possess crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute. <u>There also was sufficient evidence to sustain Dorvilus' conviction for carrying a firearm during and in relation to a drug trafficking offense</u>.

(<u>See</u> 6/10/1997 Opinion, at Cv:DE15-3 in <u>this</u> case).

6

Thereafter, as noted in the 5/12/1999 Report (DE#8, 98cv8178), recommending denial of Dorvilus' §2255 motion, Ground 3 of that Motion to Vacate was meritless. Therein, in 1998, Dorvilus argued, as he again does in Ground 2 of this §2241 proceeding filed in 2010, that the Supreme Court's 1995 decision in Bailey v. United States, rendered his conviction on Count 2 of his indictment in Case 92-8003-Cr-Zloch invalid.

The Report (DE#8, 98cv8178), which was adopted by the Court upon its denial of relief on Dorvilus' §2255 motion, stated that his claim relying on Bailey was without merit. The Report read, as follows, *verbatim*:

> Dorvilus asserts that his conviction for carrying a firearm was rendered invalid by the decision in Bailey v. United States, 116 S.Ct. 501 (1995). (Civ-DE# 1, Memo, pp. 13-17). Dorvilus challenged the sufficiency of the evidence on appeal. The Eleventh Circuit Court of Appeals held that "[t]here was sufficient evidence to sustain Dorvilus' conviction for carrying a firearm during and in relation to a drug trafficking offense." (DE# 116, p. 3).
>
> In Bailey v. United States, 516 U.S. 137 (1995), the Supreme Court held that to prove "use" of a firearm for purposes of 18 U.S.C. § 924(c), the government must demonstrate that the firearm was actively employed by the accused. The Supreme Court has recently held that the phrase "carries a firearm" is not limited to carrying a firearm on one's person, but also applies to persons who knowingly possess and convey firearms in a vehicle in which they travel. Muscarello v. United States, 524 U.S. 125 (1998).
>
> In Muscarello, defendant Muscarello placed marijuana in his truck and drove to the place of sale. After arrest, police officers found a handgun locked in the glove compartment of his truck. The Supreme Court found the evidence sufficient to sustain a conviction for carrying a firearm during the commission of a drug trafficking offense. Dorvilus' actions were identical to those of Muscarello. He is not entitled to relief.

(98cv8178, Report, DE#8 at pp.20-21).

Ordinarily, an action in which an individual seeks to

collaterally attack his conviction should be filed under 28 U.S.C. 2255 in the district of conviction. 28 U.S.C. §2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11 Cir.2003). However, in those instances where a §2241 petition attacking custody resulting from a federally imposed sentence is filed, those §2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. §2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11 Cir.1999). That provision, known as the "savings clause" of Section 2255, provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. 2255(e) (emphasis added). The petitioner, however, bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the §2255 remedy. Ramiro v. Vasquez, No. 06-12190, 2006 WL 3697398, 210 Fed.Appx. 901, 904 (11 Cir., Dec. 13, 2006).

The Section 2255 "savings clause" applies when (1) a claim is based on a retroactively applicable Supreme Court decision, (2) the decision's holding establishes that the petitioner was convicted of an offense that is now non-existent, and (3) circuit law squarely foreclosed such claim at the time it otherwise should have been raised at trial, on appeal, or in the petitioner's first 2255 motion. See Wofford v. Scott, 177 F.3d 1236, 1244 (11 Cir. 1999). A §2241 petition may not be used to avoid the Rules regarding successive 2255 motions found in the AEDPA. See Wofford, supra.

Here, petitioner Dorvilus attempts to obtain relief based on the Supreme Court's 12/6/1995 opinion in Bailey v. United States,

516 U.S. 137 (1995). In Bailey, the Supreme Court noted that, in relevant part, 18 U.S.C. §924(c)(1) imposes a 5-year minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." The Court, in Bailey, was asked to determine whether the evidence of the proximity and accessability of a firearm to drugs or drug proceeds is alone sufficient to support a conviction for "use" of a firearm during and in relation to a drug trafficking offense under Section 924(c)(1). The Court concluded that a conviction under §924(c)'s "use" prong, as distinct from the "carry" prong, requires active employment, such as brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm, as opposed to mere possession. Bailey, 516 U.S. at 148; see also Castillo v. United States, 200 F.3d 735, 736-37 (11 Cir. 2000).

As the government correctly observes in its Response in this §2241 action (Cv:DE15, 10cv22221), that the Supreme Court decision in Bailey affected the evidence necessary to establish a conviction based on the "use" prong of the language in §924(c)(1), but did not affect the "carrying" prong of the statute; and that in this case, where Dorvilus was convicted of "carrying a firearm during and in relation to a drug trafficking crime," his reliance on Bailey is misplaced.

Here, Dorvilus comes to this court as a §2241 petitioner. He had a prior §2255 motion to vacate, and in that §2255 Motion to Vacate he had the opportunity to raise, and in fact did raise a claim that, based on Bailey v. United States, his conviction on Count 2 of the indictment is infirm. As quoted from the Report in the prior §2255 proceeding, the Court considered Dorvilus' claim on the merits, and found that relief was not warranted. The Eleventh Circuit had earlier found in its affirmation of Dorvilus judgment and sentences on direct appeal, that the evidence was sufficient to sustain the firearm-related conviction; and it was the District Court's finding in its subsequent Section 2255 review, that the facts of Dorvilus' case were like those in Muscarello, in which the

9

Supreme Court held that "carries a firearm" applied to persons who knowingly possess and convey firearms in a vehicle in which they travel.

Dorvilus, having been denied relief on his claim in 1999 under Section 2255, still strived to obtain relief on the same claim. But he could not do so by filing another Motion to Vacate pursuant to §2255, because his first such motion was denied on the merits, and a second one would be deemed successive. Dorvilus therefore filed this case in an attempt to obtain relief under §2241.

As the Eleventh Circuit held in <u>Williams v. United States</u>, 218 Fed.Appx. 832, 2007 WL 433523, at *3 (11 Cir., Feb. 8, 2007), in order for a petitioner relying on <u>Bailey</u> to attack a firearm-related conviction by way of a Section 2241 habeas corpus petition, so that he might be able to obtain relief under the Section 2255 savings clause, the petitioner must demonstrate that he was convicted of "use" and not "carrying", in order to satisfy his burden under the <u>Wofford</u>. <u>Williams</u> <u>supra</u>, at *3 (affirming district Court's dismissal of petitioner Williams' §2241 petition, where Williams had been convicted of "carrying" a firearm; and the Appellate Court, when affirming the dismissal of the §2241 petition, noted that "<u>Bailey</u> applies only to defendants who are convicted of using a firearm and not to defendants who are convicted of carrying a firearm," and found that Williams was not entitled to review under the savings clause because "In order to satisfy his burden under the <u>Wofford</u> test, Williams was required to show that he was convicted of using a firearm").

Under these circumstances, it is clear that the petitioner Dorvilus has not satisfied the requirements under <u>Wofford</u> which he would be required to meet in order to avail himself of the Section 2255 savings clause, and proceed on his claim under Section 2241.

### III   CONCLUSION

It is therefore recommended that: 1) this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 be dismissed, as moot, as to Petitioner Dorvilus' claim in Ground 1, on which relief has separately been granted pursuant to 18 U.S.C. §3582(c)(2) in his underlying criminal case; and 2) the §2241 petition be denied, with regard to Dorvilus' claim in Ground 2, where he has not made the requisite showing to establish that the Section 2255 savings clause should apply in this case.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: February 18th, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Francois Dorvilus, Pro Se
      Reg. No. 39661-004
      FCI-Miami
      P.O. Box 779800
      Miami, FL 33177

      Laurie E. Rucoba, AUSA
      U.S. Attorney's Office
      500 E. Broward Blvd., 7th Floor
      Fort Lauderdale, FL 33301-3002

      Anne Ruth Schultz, AUS
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132